STROUD, Judge.
*326 Defendant appeals his convictions for resisting a public officer and failing to exhibit/surrender his license. Because the trial court did not properly instruct defendant on waiver of the right to counsel under North Carolina General Statute § 15A-1242 and because defendant did not forfeit his right to such an instruction, we conclude defendant must receive a new trial.
I. Background
In July of 2016, Officer Trent Middlebrook of the City of Locust was on patrol; he ran the "tag" of a vehicle and discovered that the owner of the vehicle, defendant, had a suspended driver's license and a warrant out for his arrest. Officer Middlebrook pulled defendant over and asked for his license and registration. Defendant refused to provide them and was uncooperative and belligerent. Officer Middlebrook arrested defendant.
Defendant's first trial was in district court, and there is no transcript of those proceedings. From the district court, there is an unsigned and undated waiver of counsel form with a handwritten note that appears to say, "Refused to respond to to [ (sic) ] inquiry by the court and mark as refused at this point[.]" There is also a waiver of counsel form from 16 August 2016 that also has a handwritten notation, "Defendant refused to sign waiver of counsel upon request by the Court[.]" Also on or about 16 August 2016, defendant was convicted in district court of resisting a public officer and failing to carry a registration card. Defendant appealed his convictions to superior court.
In superior court, defendant proceeded pro se . Defendant was tried by a jury and convicted of resisting a public officer and failing to exhibit/surrender his license. The trial court entered judgments, and defendant appeals.
*846 *327 II. Subject Matter Jurisdiction
Defendant contends "the trial court lacked subject matter jurisdiction to try [him] in violation of N.C. Gen. Stat. § 20-29 when the citation purporting to charge him was fatally defective." (Original in all caps.) But at oral argument before this Court, defendant's counsel withdrew this argument and conceded that State v. Jones , --- N.C. App. ----, 805 S.E.2d 701 (2017), aff'd , --- N.C. ----, 819 S.E.2d 340 (2018), is the controlling authority on this issue, and defendant cannot prevail. Therefore, this argument is dismissed.
III. Waiver or Forfeiture of Counsel
Defendant argues that "the trial court erred by failing to make a thorough inquiry of ... [his] decision to proceed pro se as required by N.C. Gen. Stat. § 15A-1242." (Original in all caps.) We review whether the trial court complied with North Carolina General Statute § 15A-1242 de novo . See State v. Watlington , 216 N.C. App. 388, 393-94, 716 S.E.2d 671, 675 (2011) ("Prior cases addressing waiver of counsel under N.C. Gen. Stat. § 15A-1242 have not clearly stated a standard of review, but they do, as a practical matter, review the issue de novo . We will therefore review this ruling de novo .") (citations omitted)).
North Carolina General Statute § 15A-1242 provides,
A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2015). "The trial court's inquiry under N.C. Gen. Stat. § 15A-1242 is mandatory and failure to conduct such an inquiry is prejudicial error." State v. Sorrow , 213 N.C. App. 571, 573, 713 S.E.2d 180, 182 (2011) (citation and quotation marks omitted).
Defendant contends he
was advised of his right to have counsel and of his right to have appointed counsel. However, there is no showing *328 on the record that the trial court made the appropriate advisements or inquires to determine that ... [he] understood and appreciate the consequences of his decision or comprehended "the nature of the charges and proceedings and the range of permissible punishments."
While the trial court did inform defendant he could be subjected to "periods of incarceration," the transcript confirms that defendant was not explicitly informed of "the range of permissible punishments." N.C. Gen. Stat. § 15A-1242 (Emphasis added). The State acknowledged at oral argument that without informing defendant of the "range of permissible punishments[,]" the trial court could not comply with the mandate of North Carolina General Statute § 15A-1242. Failure to comply with North Carolina General Statute § 15A-1242, if required, would result in prejudicial error. Sorrow , 213 N.C. App. 571, 713 S.E.2d 180. But the State contends the trial court was not required to comply with North Carolina General Statute § 15A-1242 due to defendant's forfeiture of his right to counsel.
In oral arguments, both defense counsel and the State relied heavily on State v. Blakeney , as it addresses not only the issue before us regarding waiver and forfeiture of counsel, but also thoroughly analyzes many prior cases; therefore, we turn to Blakeney, 245 N.C. App. 452, 782 S.E.2d 88 (2016). Blakeney first notes that there are two ways a defendant may lose his right to be represented by counsel: voluntary waiver after being fully advised under North Carolina General Statute § 15A-1242 and forfeiture of the right by serious misconduct. Id. at 459-61, 782 S.E.2d at 93-94.
A criminal defendant's right to representation by counsel in serious criminal matters is guaranteed by the Sixth Amendment to the United States Constitution and Article I, §§ 19, 23 of the North Carolina Constitution. Our appellate courts have *847 recognized two circumstances, however, under which a defendant may no longer have the right to be represented by counsel.
First, a defendant may voluntarily waive the right to be represented by counsel and instead proceed pro se . Waiver of the right to counsel and election to proceed pro se must be expressed clearly and unequivocally. Once a defendant clearly and unequivocally states that he wants to proceed pro se , the trial court must determine whether the defendant knowingly, intelligently, and voluntarily waives the right to in-court representation by counsel. A *329 trial court's inquiry will satisfy this constitutional requirement if conducted pursuant to N.C.G.S. § 15A-1242....
....
The second circumstance under which a criminal defendant may no longer have the right to be represented by counsel occurs when a defendant engages in such serious misconduct that he forfeits his constitutional right to counsel. Although the right to counsel is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I of the North Carolina Constitution, in some situations a defendant may lose this right:
Although the loss of counsel due to defendant's own actions is often referred to as a waiver of the right to counsel, a better term to describe this situation is forfeiture. Unlike waiver, which requires a knowing and intentional relinquishment of a known right, forfeiture results in the loss of a right regardless of the defendant's knowledge thereof and irrespective of whether the defendant intended to relinquish the right. A defendant who is abusive toward his attorney may forfeit his right to counsel.
Id. (citations, quotation marks, ellipses, and brackets omitted).
Blakeney then notes a third way a defendant may lose the right to representation by counsel, a hybrid of waiver and forfeiture:
Finally, there is a hybrid situation (waiver by conduct) that combines elements of waiver and forfeiture. Once a defendant has been warned that he will lose his attorney if he engages in dilatory tactics, any misconduct thereafter may be treated as an implied request to proceed pro se and, thus, as a waiver of the right to counsel. Recognizing the difference between forfeiture and waiver by conduct is important. First, because of the drastic nature of the sanction, forfeiture would appear to require extremely dilatory conduct. On the other hand, a waiver by conduct could be based on conduct less severe than that sufficient to warrant a forfeiture. This makes sense since a waiver *330 by conduct requires that a defendant be warned about the consequences of his conduct, including the risks of proceeding pro se . A defendant who engages in dilatory conduct having been warned that such conduct will be treated as a request to proceed pro se cannot complain that a court is forfeiting his right to counsel.
Id. at 464-65, 782 S.E.2d at 96 (quotation marks omitted).
As to the facts in Blakeney specifically,
In this case, neither defendant nor the State asserts that defendant ever asked to represent himself at trial, and our own review of the transcript fails to reveal any evidence that defendant indicated, must less clearly and unequivocally requested, that he be permitted to proceed pro se . The record clearly indicates that when defendant signed the waiver of his right to assigned counsel he did so with the expectation of being able to privately retain counsel. Before the trial court the defendant stated that he wanted to employ his own lawyer. There is no evidence that defendant ever intended to proceed to trial without the assistance of some counsel. We conclude that the present case is not governed by appellate cases addressing a trial court's responsibility to ensure that a defendant who wishes to represent himself is knowingly, intelligently, and voluntarily waiving his right to counsel.
....
In this case, the State argues that defendant forfeited his right to counsel, relying primarily upon generalized language excerpted from Montgomery stating that a *848 forfeiture of counsel results when the state's interest in maintaining an orderly trial schedule and the defendant's negligence, indifference, or possibly purposeful delaying tactic, combine to justify a forfeiture of defendant's right to counsel. The State also cites State v. Quick , 179 N.C. App. 647, 649-50, 634 S.E.2d 915, 917 (2006), in which this Court cited Montgomery for the proposition that any willful actions on the part of the defendant that result in the absence of defense counsel constitutes a forfeiture of the right to counsel. Montgomery did not, however, include such a broad holding or suggest that any willful *331 actions resulting in the absence of defense counsel are sufficient to constitute a forfeiture. Instead, as this Court has observed, forfeiture of the right to counsel has usually been restricted to situations involving egregious conduct by a defendant[.]
Id. at 460-61, 782 S.E.2d at 93-94 (citations, quotation marks, ellipses, and brackets omitted).
Blakeney then provides a thorough review of the types of behavior prior cases have determined support forfeiture,
Although the United States Supreme Court has never directly addressed forfeiture of the right to counsel, the Court's other holdings demonstrate reluctance to uphold forfeiture of a criminal defendant's U.S. Constitutional rights, except in egregious circumstances. Additionally, the federal and state courts that have addressed forfeiture have restricted it to instances of severe misconduct.
There is no bright-line definition of the degree of misconduct that would justify forfeiture of a defendant's right to counsel. However, our review of the published opinions of our appellate courts indicates that, as discussed in [State v. ] Wray [206 N.C.App. 354, 698 S.E.2d 137 (2010) ], forfeiture has generally been limited to situations involving severe misconduct and specifically to cases in which the defendant engaged in one or more of the following: (1) flagrant or extended delaying tactics, such as repeatedly firing a series of attorneys; (2) offensive or abusive behavior, such as threatening counsel, cursing, spitting, or disrupting proceedings in court; or (3) refusal to acknowledge the trial court's jurisdiction or participate in the judicial process, or insistence on nonsensical and nonexistent legal rights. The following is a list of published cases from North Carolina in which a defendant was held to have forfeited the right to counsel, with a brief indication of the type of behavior in which the defendant engaged:
1. State v. Montgomery , 138 N.C. App. 521, 530 S.E.2d 66 (2000) : the defendant fired several lawyers, was disruptive and used profanity in court, threw water on his attorney while in court, and was repeatedly found in criminal contempt.
*332 2. State v. Quick , 179 N.C. App. 647, 634 S.E.2d 915 (2006) : the defendant in a probation revocation case waived court-appointed counsel in order to hire private counsel, but during an eight month period did not contact any attorney, instead waiting until the day before trial.
3. State v. Rogers , 194 N.C. App. 131, 669 S.E.2d 77 (2008), disc. review denied , 363 N.C. 136, 676 S.E.2d 305 (2009): over the course of two years, the defendant fired several attorneys, made unreasonable accusations about court personnel, reported one of his attorneys to the State Bar, accused another of racism, and was warned by the court about his behavior.
4. State v. Boyd , 200 N.C. App. 97, 682 S.E.2d 463 (2009), disc. review denied , 691 S.E.2d 414 (2010) : during a period of more than a year, the defendant refused to cooperate with two different attorneys, repeatedly told one attorney that the case was not going to be tried, was totally uncooperative with counsel, demanded that each attorney withdraw from representation, and obstructed and delayed the trial proceedings.
5. State v. Leyshon , 211 N.C. App. 511, 710 S.E.2d 282, appeal dismissed , 365 N.C. 338, 717 S.E.2d 566 (2011) : for more than a year after defendant was arraigned, he refused to sign a waiver of counsel or state whether or not he wanted *849 counsel, instead arguing that the court did not have jurisdiction and making an array of legally nonsensical assertions about the court's authority.
6. State v. Cureton , 223 N.C. App. 274, 734 S.E.2d 572 (2012) : the defendant feigned mental illness, discharged three different attorneys, consistently shouted at his attorneys, insulted and abused his attorneys, and at one point spat on his attorney and threatened to kill him.
7. State v. Mee , 233 N.C. App. 542, 756 S.E.2d 103 (2014) : the defendant appeared before four different judges over a period of fourteen months, during which time he hired and then fired counsel *333 twice, was represented by an assistant public defender, refused to state his wishes with respect to counsel, advanced unsupported legal theories concerning jurisdiction, and refused to participate in the trial.
8. State v. Joiner , 237 N.C. App. 513, 767 S.E.2d 557 (2014) : the defendant gave evasive and often bizarre answers to the court's questions, shouted and cursed at the trial court, smeared feces on the holding cell wall, had to be gagged during trial, threatened courtroom personnel with bodily harm, and refused to answer simple questions.
9. State v. Brown , 239 N.C. App. 510, 768 S.E.2d 896 (2015) : like the defendants in Mee and Leyshon , this defendant offered only repetitive legal gibberish in response to simple questions about representation, and refused to recognize the court's jurisdiction.
Id. at 461-63, 782 S.E.2d at 94-95 (quotation marks omitted).
Blakeney then explains how the defendant's actions in Blakeney were not as egregious as those in the cases where forfeiture was found:
In stark contrast to the defendants discussed above, in this case:
1. Defendant was uniformly polite and cooperative. In fact, the trial court found as a mitigating factor that the defendant returned to court as directed during the habitual felon phase, even after he had been found guilty of the underlying offense.
2. Defendant did not deny the trial court's jurisdiction, disrupt court proceedings, or behave offensively.
3. Defendant did not hire and fire multiple attorneys, or repeatedly delay the trial. Although the case was three years old at the time of trial, the delay from September 2011 until August 2014 resulted from the State's failure to prosecute, rather than actions by defendant.
We conclude that defendant's request for a continuance in order to hire a different attorney, even if motivated by a wish to postpone his trial, was nowhere close to the serious misconduct that has previously been held to constitute forfeiture of counsel. In reaching this decision, *334 we find it very significant that defendant was not warned or informed that if he chose to discharge his counsel but was unable to hire another attorney, he would then be forced to proceed pro se . Nor was defendant warned of the consequences of such a decision. We need not decide, and express no opinion on, the issue of whether certain conduct by a defendant might justify an immediate forfeiture of counsel without any preliminary warning to the defendant. On the facts of this case, however, we hold that defendant was entitled, at a minimum, to be informed by the trial court that defendant's failure to hire new counsel might result in defendant's being required to represent himself, and to be advised of the consequences of self-representation.
Id. at 463-64, 782 S.E.2d at 95 (quotation marks omitted).
Ultimately, Blakeney determines that based upon the facts the defendant had not forfeited his right to counsel,
We find Goldberg's analysis useful in determining that, on the facts of this case, the defendant cannot be said to have forfeited his right to counsel in the absence of any warning by the trial court both that he might be required to represent himself and of the consequences of this decision.
In reaching this conclusion, we have considered the State's arguments for a contrary result, some of which are not consistent *850 with the trial transcript. On appeal, the State contends that at the outset of trial the trial court found that Defendant had only fired Mr. Cloud so as to attempt to delay the trial, citing page twenty-seven of the transcript. In fact, at the start of the trial, the trial court did not express any opinion on defendant's motivation for seeking to continue the case and hire a different attorney. During the habitual felon phase, after defendant had been found guilty of the charge, the jury was sufficiently concerned about defendant's self-representation to send the trial court a note asking whether defendant had refused counsel. It was only at that point that the trial court expressed its opinion that defendant had hoped to delay the trial by replacing one attorney with another. The State also alleges several times in its appellate brief that the trial court made specific findings about Defendant's forfeiture of his right to counsel, maintaining that the trial *335 court specifically found that Defendant's conduct in firing his lawyer to delay the trial forfeited his right to private counsel, thus requiring Defendant to proceed pro se and urging that we should affirm the trial court's finding that Defendant discharged his private counsel on the day of the trial to obstruct and delay his trial and thereby forfeited his right to counsel. However, as defendant states in his reply brief, the trial court never found that Mr. Blakeney forfeited his right to counsel. Indeed, the word forfeit does not appear in the transcript of the trial proceedings."
There is no indication in the record that the trial court ruled that defendant forfeited the right to counsel by engaging in serious misconduct. Moreover, defendant was not warned that he might have to represent himself, and the trial court did not conduct the inquiry mandated by N.C. Gen. Stat. § 15A-1242, in order to ensure that defendant understood the implications of appearing pro se . In State v. Bullock , 316 N.C. 180, 340 S.E.2d 106 (1986), our Supreme Court addressed a factual situation similar both to the present case and to the waiver by conduct scenario discussed in U.S. v. Goldberg , 67 F.3d 1092 (3rd Cir. 1995). In Bullock , the defendants' attorneys moved to withdraw shortly before trial, due to irreconcilable differences with the defendant. ...
....
The defendant consented to the withdrawal of his retained counsel because of irreconcilable differences but stated that he would employ other counsel. On the day of the trial, he said that he had been unable to get any attorney to take his case because of the inadequate preparation time. The trial court reminded the defendant that he had warned him he would try the case as scheduled. The defendant acquiesced to trial without counsel because he had no other choice. Events here do not show a voluntary exercise of the defendant's free will to proceed pro se .
The Court in Bullock also cited State v. McCrowre , 312 N.C. 478, 322 S.E.2d 775 (1984), noting that in that case the court held that the defendant was entitled to a new trial because the record did not show that the defendant intended to go to trial without the assistance of counsel *336 and because the inquiry required by N.C.G.S. § 15A-1242 was not conducted. Bullock appears to be functionally indistinguishable from the present case as regards the trial court's obligation to conduct the inquiry required by N.C. Gen. Stat. § 15A-1242.
For the reasons discussed above, we conclude that defendant neither voluntarily waived the right to be represented by counsel, nor engaged in such serious misconduct as to warrant forfeiture of the right to counsel without any warning by the trial court. As a result, the trial court was required to inform defendant that if he discharged his attorney but was unable to hire new counsel, he would then be required to represent himself. The trial court was further obligated to conduct the inquiry mandated by N.C. Gen. Stat. § 15A-1242, in order to ensure that defendant understood the consequences of self-representation. The trial court's failure to conduct either of these inquiries or discussions with defendant resulted in a violation of defendant's right under the Sixth Amendment *851 to be represented by counsel, and requires a new trial.
Id. at 465-68, 782 S.E.2d at 96-98 (citations, quotation marks, ellipses, and brackets omitted).
Turning to the facts before us, defendant did not "clearly and unequivocally" waive his right to counsel nor did the trial court comply with North Carolina General Statute § 15A-1224 as it failed to inform defendant of "the nature of the charges and proceedings and the range of permissible punishments." N.C. Gen. Stat. § 15A-1242 ; Blakeney , 245 N.C. App. at 459, 782 S.E.2d at 93. Thus, we consider whether "defendant engage[ed] in such serious misconduct that he forfeit[ed] his constitutional right to counsel" or if the "hybrid situation" is applicable where "[a] defendant who engages in dilatory conduct having been warned that such conduct will be treated as a request to proceed pro se cannot complain that a court is forfeiting his right to counsel." Id. at 460-464, 782 S.E.2d at 93-96.
Both the State and defendant quote large sections of the discussions had by defendant and the trial court as evidence of forfeiture or the lack thereof, but as a whole there is no clear evidence of forfeiture. In summary, defendant raised arguments that were not legally sound and made unreasonable requests of the Court, including questioning the jurisdiction of the trial court and stating that he wanted an appointed attorney -- but not one paid for by the State. Defendant did state he would like to retain *337 his own counsel, but the State objected unless he could retain the counsel within 15 minutes because "[h]e's been advised, I would contend, on at least two or three occasions ... as to his rights to obtain an attorney."[1] Defendant countered that he was not informed his trial would start that day but merely that he had "to be here or ... be arrested." Thereafter defendant agreed to standby counsel, and the trial court informed him that at any point he could "step in" as counsel. The trial court never warned defendant that he was engaging in "dilatory conduct" or that he may lose his right to counsel based upon "dilatory conduct[.]" Id. at 464-65, 782 S.E.2d at 96. But before the jury was empaneled the trial court announced it was turning its "attention to the issue of standby counsel" and defendant waived his right to standby counsel.
However, defendant was not combative or rude. There is no indication defendant had ever previously requested the case to be continued, so defendant did not intentionally delay the process by repeatedly asking for continuances to retain counsel and then failing to do so. As a whole defendant's arguments did not appear to be designed to delay or obstruct but overall reflected his lack of knowledge or understanding of the legal process. Ultimately, defendant was neither combative nor cooperative, and both trial court and defendant's tone express frustration.
Defendant's case, like Blakeney , is inapposite from Montgomery , Quick , Rogers, Boyd , Cureton , Mee , and Joiner , as defendant here had not fired or refused to cooperate with multiple lawyers, was not disruptive, did not use profanity or throw objects, and did not explicitly waive counsel but then fail to hire his own attorney over the course of several months. See id. at 462-63, 782 S.E.2d at 94-95. Even the cases with more factual similarities ultimately diverge from this case. See id. In both Brown and Leyshon , the defendants were found to have "obstructed and delayed the trial proceedings" because they had at least three hearings to discuss the matter; here it appears this was defendant's only appearance before the trial court. See State v. Brown , 239 N.C. App. 510, 519, 768 S.E.2d 896, 901 (2015) ; State v. Leyshon , 211 N.C. App. 511, 518-19, 710 S.E.2d 282, 288-89 (2011).
This case also diverges from Blakeney , as in that case a specifically enumerated ground for not finding forfeiture was because the defendant did not challenge the jurisdiction of the court. Blakeney , 245 N.C. App. at 463, 782 S.E.2d at 95. Here, defendant repeatedly denied the trial court's *338 jurisdiction and insisted on an attorney that was provided for him but was not paid for by the State, an unavailable option. Further, Blakeney , ultimately relied on two cases which are also distinguishable: *852 In State v. Bullock and State v. McCrowre , the defendants had the clear intent to hire private counsel. See Blakeney , 245 N.C. App. at 467-68, 782 S.E.2d at 97-98 ; State v. Bullock , 316 N.C. 180, 185, 340 S.E.2d 106, 108-109 (1986) ; State v. McCrowre , 312 N.C. 478, 480, 322 S.E.2d 775, 776-77 (1984).
Ultimately, after considering all of the factors noted in the cases discussed above, we conclude that the reasoning in Blakeney applies:
defendant neither voluntarily waived the right to be represented by counsel, nor engaged in such serious misconduct as to warrant forfeiture of the right to counsel without any warning by the trial court. As a result, the trial court was required to inform defendant that if he discharged his attorney but was unable to hire new counsel, he would then be required to represent himself. The trial court was further obligated to conduct the inquiry mandated by N.C. Gen. Stat. § 15A-1242, in order to ensure that defendant understood the consequences of self-representation. The trial court's failure to conduct either of these inquiries or discussions with defendant resulted in a violation of defendant's right under the Sixth Amendment to be represented by counsel, and requires a new trial.
Id . at 468, 782 S.E.2d at 98. Because defendant did not "voluntarily waive the right to be represented by counsel" or "engage[ ] in such serious misconduct as to warrant forfeiture of the right to counsel" the trial court was required to comply with the mandate of North Carolina General Statute § 15A-1242. Id. Further, without any finding of dilatory conduct or warning that he may waive his right by dilatory tactics, the hybrid situation cannot apply here. Id. at 464-65, 782 S.E.2d at 96 ("This makes sense since a waiver by conduct requires that a defendant be warned about the consequences of his conduct, including the risks of proceeding pro se ." (emphasis added)). As the trial court failed to properly advise defendant of his right to counsel, defendant must receive a new trial. See id. at 468, 782 S.E.2d at 98.
IV. Conclusion
Because defendant did not waive his right to counsel after proper advisement under North Carolina General Statute § 15A-1242 ; did not forfeit his right by serious misconduct; and did not engage in dilatory *339 tactics after having been warned of the consequences; he did not forfeit his right to counsel, so defendant must receive a new trial.
NEW TRIAL.
Judge COLLINS concurs.
Judge TYSON concurs in part and dissents in part.

The State was apparently referring to defendant's proceedings in district court, since there is no prior indication of advisement in superior court.