STATE OF NORTH CAROLINA v. MICHAEL BULLOCK, SR.

No. 418A85

(Filed 5 March 1986)

**Constitutional Law § 49— waiver of counsel—voluntariness—failure to make statutory inquiry**

Where defendant employed counsel who were ready to proceed to trial and in fact demanded trial when the State requested a second continuance, defendant consented to withdrawal of his retained counsel because of irreconcilable differences but stated he would employ other counsel and stated on the day of the trial that he had been unable to get any attorney to take his case because of the inadequate preparation time, and the trial court reminded defendant that he had been warned that the case would be tried as scheduled, defendant acquiesced to trial without counsel because he had no other choice, and the trial court erred in failing to make the inquiry required by N.C.G.S. § 15A-1242 as to voluntary waiver of counsel, notwithstanding the trial court's knowledge that defendant was a Durham County Magistrate.

ON appeal by the defendant from a judgment entered by *Bailey, J.*, at the 10 September 1984 Criminal Session of Superior Court, DURHAM County. Heard in the Supreme Court 19 December 1985.

On 4 June 1984 the defendant was charged in an indictment, proper in form, by the Durham County Grand Jury with first degree sexual offense, taking indecent liberties, felonious child abuse, and crime against nature in connection with acts alleged to have occurred on or about 17 May 1983. On 6 August 1984 the defendant was charged in an indictment, proper in form, by the Durham County Grand Jury with first degree sexual offense and indecent liberties in connection with an incident alleged to have occurred on or about 1 May 1983. At a jury trial in which he appeared *pro se*, the defendant was convicted of two counts of first degree sexual offense. The trial court had dismissed all other charges at the close of all the evidence. The two cases of first degree sexual offense were consolidated for judgment, and the trial court sentenced the defendant to life imprisonment. The defendant appeals as a matter of right pursuant to N.C.G.S. § 7A-27(a).

*Lacy H. Thornburg, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State.*

*Nathaniel L. Belcher for defendant-appellant.*

BILLINGS, Justice.

The defendant brings forward four assignments of error. We agree with the defendant that he is entitled to a new trial because the trial judge did not comply with N.C.G.S. § 15A-1242 before allowing the defendant to be tried without counsel. Since the other issues, relating to evidentiary questions and remarks by the trial judge, are not likely to arise upon the new trial, we have chosen not to address those assignments of error.

The State's evidence tended to show that the defendant engaged in fellatio with his two sons. The situation central to this appeal arose before trial; consequently, we do not find a detailed discussion of the evidence necessary to an understanding of the case.

The defendant initially had retained two attorneys to represent him. When the State moved to continue the trial from 23 July 1984 to 27 August 1984 because of the unavailability of an essential witness, one of the defendant's attorneys consented to the continuance, and the motion was granted. The State requested a second continuance, from 27 August 1984 to 10 September 1984, for the same reason. Over defense counsel's strong objection, the motion was granted on 27 August 1984. On 30 August 1984 the defendant's attorneys filed motions to allow counsel to withdraw, stating that "the differences that have developed between defendant and his present counsel have become irreconcilable." Judge Bailey signed orders, dated 31 August 1984, permitting the attorneys to withdraw. The orders are also signed by the defendant, indicating his consent. Although one of the orders is somewhat confusing in that it says that one attorney has asked to withdraw but gives permission for the other one to withdraw, the parties agree that both attorneys were in fact allowed to withdraw.

The record shows the following exchange between Judge Bailey and the defendant on 4 September 1984:

COURT: Mr. Bullock, I understand from Mr. Brown you wish to agree that Mr. C. C. Malone and Mr. Artis Plummer will no longer be your lawyers, is that correct?

DEFENDANT BULLOCK: That is so.

COURT: Now, they are employed by you, is that correct?

DEFENDANT BULLOCK: Yes, sir.

COURT: You understand that the Court is not going to appoint a lawyer for you?

DEFENDANT BULLOCK: Yes, sir.

COURT: Mr. Mason, when do you expect this case to be on the calendar?

MS. SCOUTEN: It is already set next Monday.

COURT: I am not going to continue the case.

DEFENDANT BULLOCK: Yes, sir.

COURT: It will be for trial next Monday morning. You have a lawyer in here to go or be here yourself ready to go without a lawyer. Is that the way you understand it?

DEFENDANT BULLOCK: Yes, sir.

COURT: Going to be no continuance.

DEFENDANT BULLOCK: Yes, sir.

COURT: If you get a lawyer it is not time for the lawyer to prepare or anything else, you understand?

DEFENDANT BULLOCK: Yes, sir.

MS. SCOUTEN: We would like to have it entered of record the reason he doesn't qualify for Court-appointed counsel is that he is still getting his pay.

COURT: Are you still employed?

DEFENDANT BULLOCK: I am getting my pay check.

MS. SCOUTEN: Would it be possible for Your Honor to inquire if he does have other counsel who it might be?

COURT: Mr. Bullock, let us know who your lawyer is. Just call up the District Attorney's office.

DEFENDANT BULLOCK: I will be happy to agree.

On 10 September 1984, the date of the trial, the following conversation transpired:

COURT: We had some proceedings in this matter last week.

MS. SCOUTEN: That's correct, Your Honor. On last—Tuesday of last week, Mr. Bullock appeared and Mr. George Brown appeared and filed a motion for Mr. Malone to be allowed to withdraw as counsel, and Your Honor inquired of Mr. Bullock at that time if that's what he wished to do, and Mr. Bullock stated in open court that that is what he wished; and, further, he signed and consented to the order allowing attorney to withdraw based on irreconcilable differences between Mr. Malone and Mr. Bullock, and his signature does appear of record here that he consented to that withdrawing of

Mr. Malone as counsel. And at that time Your Honor told Mr. Bullock that—well, you asked me when was it set for trial, and I told Your Honor it was set for this Monday, the 10th of September, and you advised Mr. Bullock of that and Mr. Bullock said he would be ready. So, he was ready, that's the way he wanted it, wanted to go forward on the 10th of September.

So, here we are and ready to go forward.

COURT: Are you ready to proceed, Mr. Bullock?

MR. BULLOCK: I haven't been—I haven't been able to find counsel to represent me, Your Honor.

COURT: Well, you had a lawyer.

MR. BULLOCK: After—after—on September the 4th to September the 10th, the counsels that I went to, they said they wouldn't have time enough for preparation.

COURT: Well, you had a lawyer, and it was your wish to get rid of him. And I let you get rid of him, but I told you at the time, if I'm not badly mistaken, that we would be trying your case on this date. Do you remember that?

MR. BULLOCK: Yes, sir.

COURT: You were fully aware of that when you consider—consented to the withdrawal of your former lawyer.

MR. BULLOCK: (Nods affirmatively.)

COURT: All right. The case will be for trial.

The State contends that the defendant was not entitled to court-appointed counsel; that he willingly waived his right to counsel; and that there was no need for the trial court to make the inquiry required by N.C.G.S. § 15A-1242 because the judge was aware that the defendant was a Durham County Magistrate.

The record establishes that until the time of his trial the defendant was continuing to draw his salary of $17,000.00 per year as a Durham County Magistrate. Therefore, we will assume for the purpose of this discussion that at the time of trial he was not indigent and was not entitled to appointed counsel.

The State argues that the defendant voluntarily and willingly waived his right to counsel. The right of a defendant to be represented by counsel is well-established. *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed. 2d 530 (1972). A defendant also has the right to proceed without counsel if he so desires, but a waiver of counsel must be knowing and voluntary, and the record must show that the defendant is literate and competent. *Faretta v. California*, 422 U.S. 806, 45 L.Ed. 2d 562 (1975); *State v. Thacker*, 301 N.C. 348, 271 S.E. 2d 252 (1980). When a defendant indicates his desire to proceed to trial without counsel, the trial judge must conduct an inquiry to ascertain that the defendant's waiver is given with full understanding of his rights. N.C.G.S. § 15A-1242 (1983).

In *State v. McCrowre*, 312 N.C. 478, 322 S.E. 2d 775 (1984), the defendant discharged his court-appointed counsel in order to hire a private attorney. At that time he signed a "Waiver of Right to Assigned Counsel." At the trial, the defendant had not been able to secure the services of a private attorney. He said that although he was ready for trial, there were some things he could not handle, and he requested assistance. The trial judge insisted that the defendant had waived his right to counsel and proceeded with the trial. This Court held that the defendant was entitled to a new trial because the record did not show that the defendant intended to go to trial without the assistance of counsel and because the inquiry required by N.C.G.S. § 15A-1242 was not conducted.

The present case is quite similar. The defendant consented to the withdrawal of his retained counsel because of irreconcilable differences but stated that he would employ other counsel. On the day of the trial, he said that he had been unable to get any attorney to take his case because of the inadequate preparation time. The trial court reminded the defendant that he had warned him he would try the case as scheduled. The defendant acquiesced to trial without counsel because he had no other choice. Events here do not show a voluntary exercise of the defendant's free will to proceed *pro se*. *See Faretta v. California*, 422 U.S. 806, 45 L.Ed. 2d 562.

Had the defendant voluntarily waived his right to counsel, the trial judge was required to make inquiry as required by N.C.G.S. § 15A-1242 (1983) as to whether the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

The State argues that because the trial judge knew the defendant was a Durham County Magistrate the judge could assume that the defendant knew of his rights and that the inquiry was therefore unnecessary.

Nothing in the statute makes it inapplicable to defendants who are magistrates, or even attorneys or judges. This inquiry is necessary whenever a defendant either implicitly or explicitly indicates a desire to waive the right to counsel.

We are not here dealing with a situation where the record shows that a criminal defendant, capable of employing counsel, has attempted to prevent his trial by refusing to employ counsel and also refusing to waive counsel and respond to the inquiry required by N.C.G.S. § 15A-1242. This defendant employed counsel who were ready to proceed to trial and in fact demanded trial when the State requested a second continuance. Thereafter, when differences between the defendant and his counsel necessitated counsel's withdrawal, the defendant attempted to employ other counsel but understandably could not find anyone who would attempt to defend him, with only a few days' preparation time, on charges as serious as the ones he faced.

It was prejudicial error for the trial court to proceed to trial without conducting the statutory inquiry in order to clearly establish whether the defendant voluntarily, knowingly and intelligently waived his right to counsel.

New trial.