STATE OF NORTH CAROLINA v. DARRELL LEE DUNLAP

No. 145A86

(Filed 7 October 1986)

**Constitutional Law § 45— trial without counsel—waiver of counsel—voluntariness —failure to make statutory inquiry**

   Defendant is entitled to a new trial because the trial judge failed to conduct the mandatory inquiry under N.C.G.S. § 15A-1242 before allowing defendant's request to remove his appointed counsel and represent himself. Neither the statutory responsibilities of standby counsel, N.C.G.S. § 15A-1243, nor the actual participation of standby counsel in the case is a satisfactory substitute for the right to counsel in the absence of a knowing and voluntary waiver.

ON appeal by defendant as a matter of right pursuant to N.C.G.S. § 7A-27(a) from judgments entered by *Collier, J.,* at the 28 October 1985 Criminal Session of Superior Court, GUILFORD County.

The defendant was indicted on 3 June 1985 by the Guilford County Grand Jury on charges of first-degree rape and first-degree kidnapping. At a trial in which the defendant appeared *pro se,* with some assistance from appointed standby counsel, the

jury found him guilty of first-degree rape and first-degree kidnap-ping. He received a sentence of life imprisonment for the rape and a consecutive twelve-year term for the kidnapping. On 19 March 1986 we allowed defendant's motion to bypass the Court of Appeals on the kidnapping conviction. Heard in the Supreme Court 9 September 1986.

*Lacy H. Thornburg, Attorney General, by John F. Maddrey, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Geoffrey C. Mangum, Assistant Appellate Defender, for defendant-appellant.*

BILLINGS, Chief Justice.

The defendant brings forward four assignments of error. He contends that he is entitled to a new trial because the trial judge failed to conduct the mandatory inquiry under N.C.G.S. § 15A-1242 before allowing his request to remove his appointed counsel and represent himself; that the trial judge committed reversible error in admitting testimony about an inculpatory statement by defendant without first conducting a *voir dire* hearing to deter-mine admissibility; that the admission of incompetent evidence about the weapon used in the crime prejudiced his case; and that he was improperly convicted of both first-degree kidnapping and first-degree rape, under the authority of *State v. Freeland*, 316 N.C. 13, 340 S.E. 2d 35 (1986).

We agree with the defendant that he is entitled to a new trial because the trial judge did not comply with N.C.G.S. § 15A-1242 before allowing him to be tried without counsel. Since the other three issues are not likely to recur at the new trial, we will not address them.

Because the issue dispositive of this appeal does not relate to the facts surrounding the alleged crimes, a detailed recitation of the facts is unnecessary. Briefly, the State's evidence tended to show that the victim and a friend were sitting in a parked car in the parking lot of a school in High Point when the defendant ap-proached the car, threatened the two with a gun and made the victim get out and walk with him into a nearby neighborhood where he raped her.

---

State v. Dunlap

---

Following the defendant's arrest and execution of an affidavit of indigency, on 13 May 1985 the public defender was appointed to represent him. Because of a conflict of interest the public defender was replaced the next day, 14 May 1985, by private attorney Jack Green. On 27 June 1985, James Snow was named to replace Jack Green. On 10 September 1985 the defendant wrote Mr. Snow a letter in which he expressed dissatisfaction with Mr. Snow's services, and on 20 September 1985 Mr. Snow filed a motion to withdraw "in the best interests of the defendant and the ends of justice."

When the case was called for trial on 28 October 1985, the prosecutor said the defendant "had something he wanted to address to the Court." The following dialogue resulted in the defendant's *pro se* representation:

THE COURT: All right, sir. Do you have some matter you want to bring up to me?

MR. DUNLAP: Yes, sir. I've been locked up in jail six months. I had him for my lawyer for four months. He hasn't put forth any effort to help me, you know, in my trial. You know, he comes down and tells me to lie about something then tell my parents something else and get everybody crossed up. And he just don't want to help me. So I want to represent myself. It'd be just like if he'd be with me.

THE COURT: All right, sir. You want just to represent yourself?

MR. DUNLAP: You know, I've been in jail six months. I know I can't get another lawyer to file for a speedy trial. I want another lawyer, but I don't want to stay in jail. I want to get tried tomorrow since my court day is tomorrow. So I'll just come up here tomorrow.

THE COURT: Yes. Well, you're on the calendar for the first case for trial in the morning. The jury will be here at 9:30 to start selecting.

MR. DUNLAP: Okay.

THE COURT: I'll have him stand by in case you want to ask him any legal questions about procedures which you probably are not too familiar with. And you have the right to repre-

sent yourself if that's your desire, and that's what you tell me you want to do; is that correct?

MR. DUNLAP: Yes, sir. Can I get another lawyer and get tried tomorrow?

THE COURT: There is no way that anybody else who is totally unfamiliar with the case could help you at all. I think you need to have somebody that has some knowledge of the background of the case to sit by you, anyway, that you can ask questions about.

MR. DUNLAP: Okay.

THE COURT: Okay. I'll allow your motion to represent yourself. We'll start picking the jury as soon after 9:30 as we can get to it. We may have a few pleas to take first. All right.

The trial began the next day. The defendant made no objections during the direct examination of the victim, and his attempt at cross-examination was probably more harmful than helpful to his case. Against the advice of his standby counsel, defendant elected to testify and tried to offer into evidence a letter he had received while he was in jail awaiting trial. When the prosecutor objected and the trial judge ruled the letter inadmissible, the defendant said he did not want to tell the jury anything further. The judge ruled that the defendant had not testified and therefore did not permit the prosecutor to cross-examine him. Mr. Snow made a closing argument for the defendant.

On appeal the defendant contends that the trial judge committed reversible error by not complying with the statutory mandate of N.C.G.S. § 15A-1242 before allowing the defendant to proceed *pro se*, citing *State v. Bullock*, 316 N.C. 180, 340 S.E. 2d 106 (1986) and *State v. McCrowre*, 312 N.C. 478, 322 S.E. 2d 775 (1984).

The State attempts to distinguish *Bullock* on the bases that the defendant freely chose a speedy trial over a delay in order to have representation by counsel other than Mr. Snow and that "standby counsel did actively assist the defendant in his defense." However, neither of these facts excuses compliance with N.C.G.S. § 15A-1242, which is required in order to insure that the defend-

ant voluntarily made a knowing and intelligent waiver of his constitutional right to counsel, *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed. 2d 530 (1972), in order to exercise his constitutional right to represent himself. *Faretta v. California*, 422 U.S. 806, 45 L.Ed. 2d 562 (1975).

As the United States Supreme Court said in *Faretta*:

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits. [Citations omitted.] Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S. at 279.

*Id.* at 835, 45 L.Ed. 2d at 581-82.

Compliance with N.C.G.S. § 15A-1242 serves to establish the record for appellate review.

N.C.G.S. § 15A-1242 (1983), provides as follows:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

If this inquiry is undertaken and the trial judge is satisfied that the defendant knowingly and voluntarily chooses to waive counsel and represent himself, the trial judge must allow the defendant's

*pro se* representation and may appoint standby counsel in accordance with the terms of N.C.G.S. § 15A-1243. *State v. Kuplen,* 316 N.C. 387, 399, 343 S.E. 2d 793, 800 (1986).

In the case *sub judice,* the trial judge did not make the required inquiry under N.C.G.S. § 15A-1242. The record clearly indicates that the defendant had been advised of his right to assigned counsel, as he had exercised the right and counsel had been appointed to represent him. His right to assigned counsel did not include the right to counsel of his choice, *Morris v. Slappy,* 461 U.S. 1, 75 L.Ed. 2d 610 (1983); *State v. Thacker,* 301 N.C. 348, 271 S.E. 2d 252 (1980), and in the absence of justification for dismissal of assigned counsel, the defendant had the choice of accepting the services of his assigned counsel or proceeding *pro se. State v. Robinson,* 290 N.C. 56, 224 S.E. 2d 174 (1976); *State v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667 (1965).

However, nothing in the record before this Court shows that the trial judge made any inquiry to satisfy himself that the defendant understood and appreciated the consequence of his decision or comprehended "the nature of the charges and proceedings and the range of permissible punishments." N.C.G.S. § 15A-1242. Had an appropriate inquiry been made, the defendant might well have concluded that despite his differences with court appointed counsel, it would be in his best interest to continue to accept Mr. Snow's active representation, as he did at the end of the trial after being totally frustrated in his efforts to present a defense.

We further note that neither the statutory responsibilities of standby counsel, N.C.G.S. § 15A-1243, nor the actual participation of standby counsel in the case *sub judice* is a satisfactory substitute for the right to counsel in the absence of a knowing and voluntary waiver.

For failure of the trial judge to make the inquiry mandated by N.C.G.S. § 15A-1242 before permitting the defendant to proceed to trial without counsel, the defendant is entitled to a new trial. *State v. Bullock,* 316 N.C. 180, 340 S.E. 2d 106; *State v. McCrowre,* 312 N.C. 478, 322 S.E. 2d 775.

New trial.