STATE OF NORTH CAROLINA v. ROBERT RUDOLPH PRUITT

No. 381A87

(Filed 30 June 1988)

**Constitutional Law § 45— dismissal of appointed counsel—pro se representation— failure to make statutory inquiry**

  The trial court erred in permitting defendant to discharge his appointed counsel and represent himself at trial where the court had a bench conference with counsel but failed to make any inquiry of defendant as required by N.C.G.S. § 15A-1242 concerning whether he understood and appreciated the dangers and disadvantages of self-representation or whether he understood the nature of the charges and proceedings and the range of permissible punishments he faced.

APPEAL by defendant from judgments entered by *Hyatt, J.*, at the 13 April 1987 Criminal Session of Superior Court, GASTON County. Heard in the Supreme Court 13 April 1988.

*Lacy H. Thornburg, Attorney General, by David F. Hoke, Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by David W. Dorey, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Justice.

Defendant was indicted on 2 March 1987 on two counts of first degree rape, one count of first degree kidnapping, and two counts of taking indecent liberties with a child. He was tried at the 13 April 1987 Criminal Session of Superior Court, Gaston County. The jury found defendant guilty of all charged offenses. He received life sentences on the rape convictions, a twenty year prison term on the kidnapping conviction, and five year prison terms on each of the taking indecent liberties convictions, all sentences to run consecutively. Pursuant to N.C.G.S. § 7A-27(a), defendant appealed as of right the life sentences. Defendant's motion to bypass the Court of Appeals on the lesser offenses was allowed by this Court on 22 October 1987.

Defendant contends on this appeal that the trial court committed several prejudicial errors which entitle him to a new trial. In one of these assignments of error defendant contends that the trial court failed to comply with the statutory mandates of N.C.G.S. § 15A-1242 before permitting defendant to discharge his appointed counsel and represent himself at trial. We agree with defendant that the trial court erred and that the error was prejudicial. Accordingly, defendant is entitled to a new trial.

Because we dispose of this case on one assignment of error and because the other assigned errors may not arise at retrial, we need not address them. Furthermore, the assignment of error that we do address has no relation to the facts surrounding the crimes with which defendant is charged, thus an exhaustive recitation of these facts is unnecessary.

Prior to trial it was determined that defendant was indigent. The trial court appointed an attorney from the Public Defender's Office for the Twenty-Seven-A Judicial District to represent defendant. A conflict arose, however, which made it improper for this attorney to further represent defendant. The trial court, therefore, appointed a private attorney to represent defendant.

During pretrial hearings, defendant indicated, through his appointed counsel, that he wished to represent himself. Initially, the trial court denied this request and ordered defendant to proceed with the counsel provided. Further into the proceedings, however, defendant, through defense counsel, renewed his request and informed the trial court that he intended to represent himself at trial. The trial court granted this request and ordered the appointed counsel to assist defendant if needed.

On appeal, defendant argues that the trial court committed reversible error by failing to conduct a thorough inquiry, as mandated by N.C.G.S. § 15A-1242, prior to granting defendant's request to have his court appointed counsel removed and to represent himself at trial.

The sixth amendment of the United States Constitution, as applied to the states through the fourteenth amendment, guarantees persons accused of serious crimes the right to counsel. *Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed. 2d 799 (1963). Implicit in this guaranteed right to counsel is the right of a defendant to refuse counsel and to conduct his or her own defense. *Faretta v. California*, 422 U.S. 806, 45 L.Ed. 2d 562 (1975). Moreover, when an accused relinquishes the benefit of counsel, the decision must be knowingly and intelligently made, i.e., the accused "knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 87 L.Ed. 269, 275 (1942).

The applicable North Carolina statute provides as follows:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel *only after the trial judge makes thorough inquiry and is satisfied* that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C.G.S. § 15A-1242 (1983) (emphasis added).

The inquiry to be made by the trial court under N.C.G.S. § 15A-1242 is mandatory and failure to conduct such an inquiry is prejudicial error. *State v. Bullock*, 316 N.C. 180, 340 S.E. 2d 106 (1986). Furthermore, "neither the statutory responsibilities of standby counsel, N.C.G.S. § 15A-1243, nor the actual participation of standby counsel . . . is a satisfactory substitute for the right to counsel in the absence of a knowing and voluntary waiver." *State v. Dunlap*, 318 N.C. 384, 389, 348 S.E. 2d 801, 805 (1986).

In the case *sub judice*, during the pretrial hearing, the trial court initially denied defendant's request:

> MR. FUNDERBURK (defense counsel): Your Honor, [defendant] has indicated that he wishes to represent himself in this matter.

> THE COURT: You have had counsel to represent you, Mr. Pruitt, and you are proceeding with those counsel . . . .

Later during this pretrial hearing the defendant, through defense counsel, renewed his request:

> MR. FUNDERBURK: I did talk with the Defendant further about whether or not he wished to represent himself. He informed me Friday in the jail that he did intend to represent himself if this came to trial. I know he told you earlier that he did. I have informed him that I guess he has a right to represent himself if he so desires. I have informed him that I do not think it would be in his best interest to attempt to represent himself, but he has indicated to me that he does wish to do that. I told him I would tell you that, and he wants to begin to represent himself at the point of jury. I told him that, once the jury trial began, I was sure he would not be able to switch back and forth, and he told me that he does want to represent himself beginning with the jury trial.

> THE COURT: Would counsel approach the bench, please?

> (Conference at the bench between counsel)

> MR. FUNDERBURK: Your Honor, Mr. Pruitt would ask that a continuance be granted on the grounds that he needs time to get his witnesses here that he listed in this motion . . . . On

the grounds that he says that he discovered last Wednesday that he was coming for trial today.

THE COURT: Mr. Pruitt has known longer than last Wednesday that he was coming up for trial today.

MR. FUNDERBURK: Your Honor, he has indicated that he does wish to represent himself.

THE COURT: Motion to continue DENIED. Okay, Mr. Pruitt, you may step over to the seat that Mr. Funderburk has been sitting in. I request that [appointed counsel] remain in court in order to assist the Defendant if he should desire your assistance.

The foregoing reveals the trial court failed to make any inquiry of defendant concerning whether he understood and appreciated the dangers and disadvantages of self-representation or whether he understood the nature of the charges, proceedings, and the range of permissible punishments he faced. The State contends that the record reveals that defendant was aware of the seriousness of his decision since defense counsel had so advised defendant. The State contends as well that the record further shows that defendant knowingly and voluntarily gave up his right to appointed counsel since defendant had extensive interviews with different attorneys regarding this case.

We disagree with the State's contention that the record reveals that defendant was fully advised of the seriousness of his decision. While the record does reveal that defendant was aware of his right to counsel, there is nothing in the record which shows that defendant understood and appreciated the consequences of proceeding *pro se* nor is there anything in the record which shows that defendant understood the "nature of the charges and proceedings and the range of permissible punishments." N.C.G.S. § 15A-1242 (1983). It is the trial court's duty to conduct the inquiry of defendant to ensure that defendant understands the consequences of his decision. *State v. Bullock*, 316 N.C. 180, 340 S.E. 2d 106. Having a bench conference with counsel is insufficient to satisfy the mandate of the statute. Because the trial court failed to follow the dictates of N.C.G.S. § 15A-1242, defendant is entitled to a new trial. *State v. Dunlap*, 318 N.C. 384, 348 S.E. 2d 801; *State v. Bullock*, 316 N.C. 180, 340 S.E. 2d 106; *State v. McCrowre*, 312 N.C. 478, 322 S.E. 2d 775 (1984).

New trial.