IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-139

No. 119PA21

Filed 16 December 2022

STATE OF NORTH CAROLINA

v.

MADERKIS DEYAWN ROLLINSON

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 2021-NCCOA-58, 2021 WL 796545, finding no prejudicial error at trial but finding error in sentencing and vacating in part a judgment entered on 14 May 2019 by Judge Mark Klass in Superior Court, Iredell County and remanding for a new sentencing hearing. Heard in the Supreme Court on 3 October 2022 in session in the Old Chowan County Courthouse in the Town of Edenton pursuant to N.C.G.S. § 7A-10(a).

*Joshua H. Stein, Attorney General, by John W. Congleton, Assistant Attorney General, for the State-appellee.*

*Glenn Gerding, Appellate Defender, by Brandon Mayes, Assistant Appellate Defender, for defendant-appellant.*

*Christopher A. Brook for Professor Joseph E. Kennedy, amicus curiae.*

BARRINGER, Justice.

¶ 1    In this matter, we consider whether the Court of Appeals erred by concluding that the trial court complied with the procedure implemented in N.C.G.S. § 15A-

1201(d)(1) by the legislature for the trial court to consent to defendant's waiver of his right to a jury trial for the status offense of habitual felon. *See State v. Rollinson*, 2021-NCCOA-58, ¶¶ 21–24, 2021 WL 796545. After careful review, we conclude that the Court of Appeals did not err. Therefore, we affirm the Court of Appeals' decision.

¶ 2 The legislature enacted subsection (d) of N.C.G.S. § 15A-1201 after the people of North Carolina voted in the 4 November 2014 general election to amend the North Carolina Constitution to allow persons accused of certain criminal offenses to waive their right to a trial by jury. *See* An Act to Establish Procedure for Waiver of the Right to a Jury Trial in Criminal Cases in Superior Court, S.L. 2015-289, § 1, 2015 N.C. Sess. Laws 1454, 1455; An Act to Amend the Constitution to Provide that a Person Accused of Any Criminal Offense in Superior Court for Which the State Is Not Seeking a Sentence of Death May Waive the Right to Trial by Jury and Instead Be Tried by a Judge, S.L. 2013-300, §§ 1–3, 2013 N.C. Sess. Laws 821, 821–22 (approved at Nov. 4, 2014 general election, eff. Dec. 1, 2014).

¶ 3 Prior to 1 December 2014, the North Carolina Constitution directed that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24 (amended 2014). As amended, the first sentence of Article I, Section 24 of the North Carolina Constitution now reads:

> No person shall be convicted of any crime but by the unanimous verdict of a jury in open court, except that a person accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, in

writing or on the record in the court *and with the consent
of the trial judge*, waive jury trial, subject to procedures
prescribed by the General Assembly.

N.C. Const. art. I, § 24 (emphasis added).

¶ 4        Subsection (d) of N.C.G.S. § 15A-1201 addresses "Judicial Consent to Jury

Waiver" and provides as follows:

> Upon notice of waiver by the defense pursuant to
> subsection (c) of this section, the State shall schedule the
> matter to be heard in open court to determine whether the
> judge agrees to hear the case without a jury. The decision
> to grant or deny the defendant's request for a bench trial
> shall be made by the judge who will actually preside over
> the trial. Before consenting to a defendant's waiver of the
> right to a trial by jury, the trial judge shall do all of the
> following:
> (1)   Address the defendant personally and determine
>        whether the defendant fully understands and
>        appreciates the consequences of the defendant's
>        decision to waive the right to trial by jury.
> (2)   Determine whether the State objects to the waiver
>        and, if so, why. Consider the arguments presented
>        by both the State and the defendant regarding the
>        defendant's waiver of a jury trial.

N.C.G.S. § 15A-1201(d) (2021).[1]

---

[1] The legislature in 2015 used different language for subsection (d) of N.C.G.S. § 15A-1201 than for N.C.G.S. § 15A-1242 regarding a criminal defendant's election to represent himself at trial. *Compare* An Act to Establish Procedure for Waiver of the Right to a Jury Trial in Criminal Cases in Superior Court, S.L. 2015-289, § 1, 2015 N.C. Sess. Laws 1454, 1455 *with* N.C.G.S. § 15A-1242 (2021) ("A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant . . . ."). Thus, we see no reason to consider or import holdings from this Court regarding N.C.G.S. § 15A-1242 into the construction of subsection (d) of N.C.G.S. § 15A-1201. *See State v. Pruitt*, 322 N.C. 600, 602 (1988) (addressing an alleged violation of N.C.G.S. § 15A-1201 and in its analysis of the

¶ 5 The issue in the matter before us is whether the trial court complied with N.C.G.S. § 15A-1201(d)(1) in allowing defendant's waiver of his right to a jury trial for the status offense of habitual felon. Defendant contends that to "address the defendant personally" and to "address whether defendant understood and appreciates the consequences of his decision to waive the right to trial by jury," N.C.G.S. § 15A-1201(d)(1), defendant himself must respond to the trial court's address. In other words, the trial court cannot satisfy N.C.G.S. § 15A-1201(d)(1) if counsel for a defendant responds on the defendant's behalf. The State disagrees, arguing that the statutory language does not prohibit a defendant from responding through counsel.

¶ 6 Given the plain language of N.C.G.S. § 15A-1201(d)(1), we cannot agree with defendant's reading. The interpretation of a statute, which is a question of law, is reviewed de novo. *E.g.*, *In re Summons Issued to Ernst & Young, LLP*, 363 N.C. 612, 616 (2009).

¶ 7 Subsection (d) of N.C.G.S. § 15A-1201 dictates the trial court's conduct: "Before consenting to a defendant's waiver of the right to a trial by jury, the trial judge *shall . . . [a]ddress* the defendant personally and *determine* whether the defendant

_____

statute adding emphasis to "*only after the trial judge makes thorough inquiry and is satisfied that the defendant*" in its quotation of N.C.G.S. § 15A-1242 (1983)). In addition to involving a different statute, *Pruitt* is factually distinguishable from this case, rendering further discussion of it of little value.

fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury." N.C.G.S. § 15A-1201(d)(1) (emphases added).

¶ 8         The statute mandates who to address—namely, "the defendant personally"— but it does not mandate *how* to address the defendant. Additionally, the statute does not mandate *how* to "determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury." *Id.* The legislature also did not require the trial judge to *hear personally a response from the defendant* to the trial court's address; the statute only requires the trial court to "[a]ddress the defendant personally." *Id.* The legislature left *how* to address and *how* to determine the answer to its inquiry to the discretion of the trial court.

¶ 9         Nonetheless, that conclusion does not fully resolve the dispute before us. It is well established that where matters are left to the discretion of the trial court, the exercise of that discretion is subject to appellate review. *White v. White*, 312 N.C. 770, 777 (1985). That review, however, "is limited to a determination of whether there was a clear abuse of discretion." *Id.* A trial court abuses its discretion "where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285 (1988).

¶ 10        Here, the record supports that the trial court made a reasoned decision and did not abuse its discretion. On the first day of trial, after the assistant district attorney

informed the trial court that "the defendant now wishes to elect to have a bench trial instead of a jury trial" and then listed the charges, including habitual felon, the trial court addressed defendant. The trial court began by asking defendant to stand, which he did. Then, the trial court asked defendant: "Do you understand you're charged with the charges [the assistant district attorney] just read to you?"; "Do you understand you have a right to be tried by a jury of your peers?"; and "At this time you wish to waive your right to a jury and have this heard as a bench trial by me?" Defendant answered, "Yes, sir" to each of these questions.[2]

After this colloquy on the record, in which defendant gave notice in open court of his waiver of a jury trial, defendant signed and acknowledged under oath the Waiver of Jury Trial form created for such waivers by the Administrative Office of the Courts.

Given defendant's waiver of his right to a jury trial and his consent thereto, the trial court proceeded with a bench trial, which lasted approximately one day. After the presentation of evidence and arguments by counsel, the trial court found defendant guilty of assault with a deadly weapon on a government official, possession of marijuana up to one-half ounce, possession of marijuana paraphernalia, possession with intent to sell and deliver cocaine, maintaining a vehicle for keeping and selling

---

[2] In defendant's petition for discretionary review, he did not seek review of the trial court's compliance with N.C.G.S. § 15A-1201(d)(1) for this colloquy.

controlled substances, and felony possession of cocaine.

¶ 13     Then, before the trial court proceeded with the phase of the trial addressing

the habitual felon status offense, the following transpired:

> [ASSISTANT DISTRICT ATTORNEY]: Your Honor, at this time the State has also indicted the defendant as an habitual felon. We need to have that—I would contend that he's waived his, the jury trial for both of them. But if you feel like you need to have another colloquy with him about that, we need to have that so we can proceed.
>
> [COURT]: I'll do that. At this point in the trial it's a separate trial. The jurors are coming back to hear the habitual felon matter, or you can waive your right to a jury trial and we can proceed.
>
> [DEFENSE COUNSEL]: Just one second, please, your Honor.
>
> [Brief pause]
>
> [DEFENSE COUNSEL]: Judge, may it please the Court, after speaking with my client on an habitual felon hearing, trial, he is not requesting a jury trial on that matter and is comfortable with a bench trial.
>
> [ASSISTANT DISTRICT ATTORNEY]: Your Honor, I'm ready to proceed.
>
> [COURT]: Go ahead.

¶ 14     Defendant also signed and acknowledged under oath another Waiver of Jury

Trial form. The signed form in the record depicts the following:

---

**STATE VERSUS**

Name Of Defendant

MADERKIS ROLLINSON

**WAIVER OF JURY TRIAL**

G.S. 15A-1201

**ACKNOWLEDGMENT OF RIGHTS AND WAIVER**

1. I, the above-named defendant, hereby declare that

   a. I have provided notice of my intent to waive a jury trial in accordance with G.S. 15A-1201(c) by *(choose one)* ☐ stipulation, ☐ written notice, ☒ notice on the record in open court,

   b. I have been fully informed in open court of the charges against me, the nature of and statutory punishment for each charge, and the nature of the proceedings against me,

   c. I have been advised by the court that I have the right to be tried by a jury of twelve (12) of my peers, that I may participate in the selection of the members of the jury, and that jury verdicts must be unanimous,

   d. I have been advised by the court that if I waive a jury trial, the judge alone will decide my guilt or innocence, and the judge alone will determine any aggravating sentencing factors in my case, and

   e. I fully understand and appreciate the consequences of my decision to waive the right to be tried by a jury.

2. Other: _____

3. In light of the foregoing, I, the above-named defendant, freely, voluntarily, and knowingly waive the right to trial by jury.

**SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME**

Date 05/14/2019

Date 05/14/2019

Signature Of Person Authorized To Administer Oaths

☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

Signature Of Defendant

---

¶ 15     Below this section of the form is defendant's counsel's certification. The form shows as follows:

---

**CERTIFICATION BY LAWYER FOR DEFENDANT**

I hereby certify that I have fully explained to the defendant the charges against him or her, the nature of and statutory punishment for each charge, and the nature of the proceedings against him or her; the defendant's right to be tried by a jury of twelve (12) of his or her peers, and to participate in the selection of the jury; that jury verdicts must be unanimous; and that if the defendant waives a jury trial, the judge alone will decide the defendant's guilt or innocence, and the judge alone will determine any aggravating sentencing factors in the case.

Date 05/14/2019

Name Of Lawyer For Defendant *(type or print)* JUDY DALTON

Signature Of Lawyer For Defendant

---

¶ 16     On the next page of the form, the trial court indicated its consent to the waiver and signed the form. The text reflects as follows:

| | FINDINGS OF FACT AND CONCLUSIONS OF LAW | |
|---|---|---|

Following a hearing on this matter, I, the undersigned judge, who will preside over the defendant's trial, after determining whether the State objects to the waiver, and, if so, why, and after considering the arguments presented by both the State and the defendant regarding the defendant's waiver of a jury trial, find the following: *(check all that apply)*

1. The above-named defendant is charged with a criminal offense for which the State is not seeking a sentence of death.
2. The defendant has provided notice of his or her intent to waive a jury trial in accordance with G.S. 15A-1201(c) by *(choose one)*
   ☐ stipulation.   ☐ written notice.   ☒ notice on the record in open court.
3. The defendant has been fully informed in open court of the charges against him or her, the nature of and statutory punishment for each charge, and the nature of the proceedings against him or her.
4. The defendant has been advised of his or her right to be tried by a jury of twelve (12) of his or her peers, that he or she may participate in the selection of the members of the jury, and that jury verdicts must be unanimous.
5. The defendant has been advised that if he or she waives a jury trial, the judge alone will decide his or her guilt or innocence, and the judge alone will determine any aggravating sentencing factors in the case.
6. The defendant fully understands and appreciates the consequences of his or her decision to waive the right to trial by jury, and has requested such a waiver, as indicated in the ACKNOWLEDGMENT OF RIGHTS AND WAIVER, above.

☐ 7. Other: _____

In light of the foregoing findings of fact, the undersigned judge concludes that the defendant's requested waiver of the right to trial by jury ☐ is   ☐ is not   appropriate.

| | ORDER | |
|---|---|---|

In light of the foregoing findings of fact and conclusions of law, the undersigned judge hereby orders as follows: *(check one)*

☑ 1. The court consents to the defendant's waiver of the right to trial by jury, and the charge(s) against the defendant shall proceed in accordance with that waiver, and as otherwise required by law.

☐ 2. The court does <u>not</u> consent to the defendant's waiver of the right to trial by jury, and the charge(s) against the defendant shall proceed as required by law.

| Date | Name Of Judge (type or print) | Signature Of Judge |
|---|---|---|
| 05/14/2019 | HON. MARK KLASS | |

NOTE: "Once waiver of a jury trial has been made and consented to by the trial judge pursuant to subsection (d) of [G.S. 15A-1201], the defendant may revoke the waiver one time as of right within 10 business days of the defendant's initial notice pursuant to subsection (c) of [G.S. 15A-1201] if the defendant does so in open court with the State present or in writing to both the State and the judge. In all other circumstances, the defendant may only revoke the waiver of trial by jury upon the trial judge finding the revocation would not cause unreasonable hardship or delay to the State. Once a revocation has been granted pursuant to this subsection, the decision is final and binding." G.S. 15A-1201(e).

¶ 17    Given the foregoing record, we cannot conclude that the trial court abused its discretion in how it personally addressed defendant or in how it determined that defendant fully understood and appreciated the consequences of his decision to waive the right to trial by jury. As clearly reflected in the transcript, the trial court expressly addressed defendant by saying "*you* can waive *your* right to a jury trial." (Emphases added.) We conclude that this method of personally addressing defendant is reasonable.

¶ 18        Furthermore, the trial court's implicit determination that defendant fully understood and appreciated the consequences of his decision to waive the right to trial by jury was not "manifestly unsupported by reason or . . . so arbitrary that it could not have been the result of a reasoned decision." *Hennis*, 323 N.C. at 285. Defendant's counsel responded to the trial court's address to defendant only after asking for some time and speaking with defendant. Moreover, the day before, the trial court had conducted a longer colloquy to confirm defendant's waiver of his right to a jury trial on the substantive charges against him. Defendant himself, not his counsel, responded and answered each of the trial court's questions that day. Additionally, after each of these colloquies, defendant signed under oath the jury trial waiver form acknowledging his waiver of the right to a jury trial.

¶ 19        In conclusion, we affirm the Court of Appeals' holding that the trial court complied with the procedure dictated by the legislature in N.C.G.S. § 15A-1201(d)(1) for the trial court's consent to defendant's waiver of his right to a jury trial for the habitual felon offense. The trial court personally addressed defendant concerning the waiver of his right to a jury trial. The trial court also did not abuse its discretion in how it addressed defendant or in its determination that defendant fully understood and appreciated the consequences of his waiver. Accordingly, we reject defendant's

arguments to the contrary and affirm the Court of Appeals' decision.[3] We remand this case to the Court of Appeals for further remand to the trial court for further proceedings as ordered by the Court of Appeals.

AFFIRMED.

---

[3] Defendant has not argued that the trial court failed to consent to defendant's waiver of a jury trial as required by the North Carolina Constitution. Thus, we do not opine on constitutional issues not before us. While the State presented evidence of three certified judgments to support habitual felon status and defendant declined to present evidence, we do not address the application of N.C.G.S. § 15A-1443(a) regarding prejudice because we affirm the Court of Appeals' holding that the trial court did not err and complied with N.C.G.S. § 15A-1201(d)(1).

Justice ERVIN dissenting.

¶ 20 I am unable to join my colleagues' decision to uphold the trial court's habitual felon determination in this case given my inability to accept their conclusion that the trial court adequately complied with the applicable statutory provisions before allowing him to waive his constitutional right to trial by jury with respect to the habitual felon allegation. I simply do not believe that the procedures employed in this instance can be squared with the relevant statutory language and am concerned that the Court's decision to uphold the validity of defendant's purported waiver of the fundamental right to trial by jury through the use of such informal procedures creates an unacceptable risk that persons charged with the commission of crimes will be found to have waived that fundamental right without fully understanding the consequences of that decision. As a result, I would hold that defendant is entitled to a new trial with respect to the habitual felon allegation and dissent from my colleagues' decision to the contrary.

¶ 21 In 2014, the people of the state of North Carolina voted to amend the North Carolina Constitution to authorize criminal defendants charged with the commission of noncapital offenses to waive their right to a trial by jury "in writing or on the record in the court and with the consent of the trial judge . . . subject to procedures prescribed by the General Assembly." N.C. Const. art. I, § 24. *See* An Act to Establish Procedure

for Waiver of the Right to a Jury Trial in Criminal Cases in Superior Court, S.L. 2015-289, § 1, 2015 N.C. Sess. Laws 1454, 1455; An Act to Amend the Constitution to Provide that a Person Accused of Any Criminal Offense in Superior Court for Which the State Is Not Seeking a Sentence of Death May Waive the Right to Trial by Jury and Instead Be Tried by a Judge, S.L. 2013-300, §§ 1–3, 2013 N.C. Sess. Laws 821, 821–22 (approved at Nov. 4, 2014 general election, eff. Dec. 1, 2014).  In the aftermath of the voters' decision to adopt this proposed constitutional amendment, the General Assembly enacted implementing legislation providing that "[a] defendant accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, knowingly and voluntarily, in writing or on the record in the court and with the consent of the trial judge, waive the right to trial by jury," N.C.G.S. § 15A-1201(b) (2019), subject to the condition that,

> [b]efore consenting to a defendant's waiver of the right to a trial by jury, the trial judge shall do all of the following:
>
> (1) Address the defendant personally and determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury.
>
> (2) Determine whether the State objects to the waiver and, if so, why.  Consider the arguments presented by both the State and the defendant regarding the defendant's waiver of a jury trial.

N.C.G.S. § 15A-1201(d) (2019). As a result, as the literal statutory language clearly provides, a trial court cannot accept a criminal defendant's waiver of the right to a jury trial in the absence of compliance with the statutory procedures specified in N.C.G.S. § 15A-1201(d)(1).

¶ 22 According to N.C.G.S. § 15A-1201(d)(1), a trial court considering whether to accept a criminal defendant's waiver of the right to trial by jury must do two things. First, the trial court must "[a]ddress the defendant personally," a requirement that my colleagues appear to recognize calls upon the trial court to directly communicate with the defendant. Secondly, the trial court must "determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury," a requirement that appears, at least to me, to mean that the trial court must personally ascertain whether the defendant "understands and appreciates the consequences" of the waiver decision that the trial court is being asked to accept. Although I am inclined to agree with my colleagues that the trial court complied with the first of these two requirements at the beginning of the habitual felon proceeding in the sense that the trial court appears to have initially made a direct statement to defendant, I do not believe that the same thing can be said about the second.

¶ 23 I have difficulty understanding how a trial court can meaningfully determine "whether the defendant fully understands and appreciates the consequences of the

defendant's decision to waive the right to trial by jury," N.C.G.S. § 15A-1201(d)(1), without having the sort of personal, direct communication with the defendant that the Court deems to be unnecessary. Simply put, it appears to me that N.C.G.S. § 15A-1201(d)(1) cannot be understood in any way other than as a requirement that the trial court have a conversation with the defendant in which the trial court informs the defendant of the consequences of waiving his right to a jury trial and makes sure that the defendant understands the import of what he or she is about to do. In the absence of such direct communication between the trial court and the defendant, the trial court cannot know what the defendant does and does not understand and appreciate despite the fact that the relevant statutory language clearly contemplates that the trial court will obtain personal knowledge of the degree to which the defendant understands and appreciates the consequences of a decision to waive his or her right to a jury trial. As a result, N.C.G.S. § 15A-1201(d)(1) must necessarily be construed as requiring that the trial judge, himself or herself, make the determination required by the relevant statutory language and personally obtain the information necessary to do that.

¶ 24      The insufficiency of the process that the trial court utilized in this case is readily apparent when one realizes that, by utilizing a process pursuant to which defendant's trial counsel was allowed to speak with defendant and then inform the trial court that defendant "is not requesting a jury trial," the trial court had no

knowledge concerning either what defendant's trial counsel told defendant or what defendant told his trial counsel. As a result, the trial court essentially delegated responsibility for ascertaining whether defendant "fully understands and appreciates the consequences of [his] decision" to defendant's trial counsel. Although I do not wish to be understood as casting aspersions upon defendant's trial counsel, a decision by a defendant's trial counsel that he or she believes that his or her client "fully understands and appreciates the consequences of [his or her] decision to waive the right to trial by jury" cannot be equated to a determination by the trial court to the same effect in the absence of additional actions by the trial court that serve to validate the assertion made by defendant's trial counsel and provide the trial court with the necessary personal knowledge. The trial court in this case had no basis other than acceptance of a representation by defendant's trial counsel that the procedures required by N.C.G.S. § 15A-1201(d)(1) had been effectuated, with that approach being insufficient to ensure that the trial court is personally able to make the determinations required by the relevant statutory language.

¶ 25        In concluding that communication with defendant through his trial counsel was sufficient, the Court emphasizes the absence of any specific statement in the relevant statutory language detailing the manner in which the trial court is required to address the defendant and the manner in which the trial court must determine whether the defendant understands and appreciates the consequences of a decision

to waive his or her right to a jury trial and the absence of any statutory language requiring the trial court to "hear personally a response from the defendant to the trial court's address." I am not convinced, however, that the absence of this sort of "belt and suspenders" language allows trial courts to adopt procedures for making the determination required by N.C.G.S. § 15A-1201(d)(1) that fail to ensure that the trial court has personal knowledge that the defendant understands and appreciates the consequences of a decision to waive his or her right to trial by jury. At least to my way of thinking, the fact that the statutory language contained in N.C.G.S. § 15A-1201(d)(1) does not directly state that the trial court must obtain the necessary information by means of a colloquy between the trial judge and the defendant does not excuse the trial court from the necessity for conducting such a colloquy when there is no other way in which the trial judge can realistically obtain the information that is required to permit him or her to consent to the defendant's request to waive his or her right to a jury trial.

¶ 26    After concluding that the trial court had the discretion to utilize a procedure for making the determination required by N.C.G.S. § 15A-1201(d)(1), the Court points to a number of factors in an attempt to show that the trial court did not abuse its discretion in making the required determination in this case. In support of this assertion, my colleagues point, among other things, to the fact that defendant waived his right to a jury trial prior to the guilt-innocence phase of the trial, the fact that

defendant signed a written waiver of his right to a jury trial, and the fact that defendant's trial counsel communicated with defendant about this subject. As an initial matter, it seems to me that, rather than a discretionary determination subject to review on appeal for abuse of discretion, the issue of whether the trial court adequately complied with the provisions of N.C.G.S. § 15A-1201(d)(1) is a question of law subject to de novo review. *In re Adoption of S.D.W.,* 367 N.C. 386, 391 (2014) (stating that, "[w]hen constitutional rights are implicated, the appropriate standard of review is de novo"); *Piedmont Triad Reg'l Water Auth. v. Sumner Hills, Inc.,* 353 N.C. 343, 348 (2001) (stating that "[w]e review constitutional questions de novo"). In addition, the fact that defendant understood and appreciated the consequences of waiving his right to a trial by jury at the guilt-innocence phase of a trial is no substitute for compliance with the requirement of N.C.G.S. § 15A-1201(d)(1) at the beginning of a proceeding held to determine whether defendant had attained habitual felon status given that a habitual felon proceeding is an ancillary proceeding conducted separately from the guilt-innocence portion of a criminal action for the purpose of determining whether the punishment inflicted upon defendant should be enhanced based upon his prior record, *State v. Cheek*, 339 N.C. 725, 727 (1995) (stating that "the habitual felon indictment is "necessarily ancillary to the indictment for the substantive felony"), that involves different issues and the making of different legal, factual, and evidentiary judgments as compared to those that have to be made

in a proceeding conducted for the purpose of determining a defendant's guilt or innocence. Similarly, the fact that defendant executed a written waiver of his right to a jury trial is simply not a substitute for actual compliance with the relevant statutory requirements. *State v. Sinclair*, 301 N.C. 193, 199 (1980) (stating that "[n]either does the [t]ranscript of [p]lea itself provide a factual basis for the plea"); *State v. Evans*, 153 N.C. App. 313, 315 (2002) (stating that "[t]he execution of a written waiver is no substitute for compliance by the trial court with the statute") (cleaned up); *State v. Wells*, 78 N.C. App. 769, 773 (1986) (stating that "[a] written waiver of counsel is no substitute for actual compliance by the trial court with [N.C.]G.S. [§] 15A-1242). Finally, as I have already noted, the fact that defendant's trial counsel spoke with defendant and informed the trial court that defendant did not wish to have a jury trial at the habitual felon phase of the proceeding cannot be equated with compliance with the actual requirement set out in N.C.G.S. § 15A-1201(d)(1), which requires that the trial court, rather than the defendant's counsel, be personally satisfied that the defendant fully understands and appreciates the consequences of a decision to waive his or her right to a trial by jury.

¶ 27    The approach to compliance with N.C.G.S. § 15A-1201(d)(1) that the Court upholds in this case cannot be squared with the manner in which the similar language relating to a waiver of the right to counsel set out in N.C.G.S. § 15A-1242 has consistently been construed by this Court. As we stated more than three decades

ago in the waiver of counsel context, "[i]t is the trial court's duty to conduct the inquiry of defendant to ensure that defendant understands the consequences of his decision," *State v. Pruitt*, 322 N.C. 600, 604 (1988), with a trial court not being allowed to assume that a criminal defendant fully understands and appreciates the nature and extent of his or her right to the assistance of counsel, *State v. Bullock*, 316 N.C. 180, 186 (1986) (stating that nothing in the statute governing the waiver of a defendant's right to counsel "makes it inapplicable to defendants who are magistrates, or even attorneys or judges").  For that reason, in the event that a criminal defendant wishes to waive his right to counsel, the trial court is required by N.C.G.S. § 15A-1242 to "conduct an inquiry to ascertain that the defendant's waiver is given with full understanding of his rights," *Bullock*, 316 N.C. at 185, with "a bench conference with counsel [being] insufficient to satisfy the mandate of the statute," *Pruitt*, 322 N.C. at 604;[1] *see also State v. Moore*. 362 N.C. 319, 322 (2008) (noting that "it appears that [the trial court] deferred to defendant's assigned counsel to provide defendant with

---

[1] Although the trial court in his case did, at least initially, make inquiry of defendant before allowing defendant's trial counsel to converse with defendant and then indicate defendant's "comfort" with a bench trial at his habitual felon proceeding, while all of the interactions at issue in *Pruitt* occurred between the trial court and the defendant's trial counsel, there is no material difference between the two cases given that, in both instances, all of the substantive communications relating to the extent to which defendant understood and appreciated the consequences of a decision to waive the right to either a jury trial or to the assistance of counsel occurred between the defendant and his trial counsel rather than between defendant and the trial court and given that the expression of the defendant's decision to forgo the assistance of counsel or a jury trial came in the form of a statement by the defendant's trial counsel.

adequate constitutional safeguards" in granting the defendant a new trial based upon

the trial court's failure to adequately comply with N.C.G.S. § 15A-1242 prior to

allowing the defendant to represent himself).  As a result of my inability to see why

more relaxed procedures should be allowed in the waiver of a jury trial context than

in the waiver of counsel context, I am concerned that the Court's decision to allow the

use of the procedures employed here in the waiver of jury trial context will bleed over

into the waiver of counsel and other contexts where similar procedures have, to this

point, been deemed entirely insufficient.[2]

---

[2] The fact that the language of N.C.G.S. § 15A-1201 differs from the language of N.C.G.S. § 1242 cuts in favor of, rather than against, the argument made in the text in reliance upon N.C.G.S. § 15A-1242.  Although N.C.G.S. 15A-1201(d) requires "the trial judge" to comply with N.C.G.S. § 15A-1201(d)(1) (instructing the trial court to "[a]ddress the defendant personally and determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury"), N.C.G.S. § 15A-1242 requires that "the trial judge make[ ] thorough inquiry" and be "satisfied that the defendant" has been advised of and understands his or her right to the assistance of counsel, comprehends the effect of a decision to represent himself or herself, and is cognizant of the nature of the charges that have been lodged against him or her and "the range of permissible punishments."  In other words, while the language of N.C.G.S. § 15A-1242 requires the trial court to conduct a "thorough inquiry," the language of N.C.G.S. § 15A-1201(d)(1) requires the trial court to "[a]ddress the defendant personally" and make sure that the defendant understands what he or she is proposing to do.  Thus, since N.C.G.S. § 15A-1201(d)(1) explicitly requires personal interaction between the trial court and the defendant while N.C.G.S. § 15A-1242, in so many words, does not, it seems to me that the personal contact between the trial court and the defendant that is lacking in this case is more clearly required by N.C.G.S. § 15A-1201(d)(1) than by N.C.G.S. § 15A-1242.  As a result, to the extent that the relatively slight difference between the language in which N.C.G.S. § 15A-1201(d)(1) and N.C.G.S. § 15A-1242 are couched suggests that the level of involvement required of the trial court in these two situations can appropriately be different (and I do not, personally, believe that such a difference is contemplated by the relevant statutory language), it seems to me that more direct trial court involvement is required by the literal language of N.C.G.S. § 15A-1201(d)(1) than is required by the literal language of N.C.G.S. §15A-1242.

The trial court's failure to comply with N.C.G.S. § 15A-1201(d)(1) before allowing defendant to waive his right to a jury trial with respect to the habitual felon phase of the proceeding resulted in a deprivation of defendant's constitutional right to trial by jury.[3] This Court has consistently held that "the deprivation of a properly functioning jury may be a constitutional violation," *State v. Hamer*, 377 N.C. 502, 507, 2021-NCSC-67 ¶ 16; *see State v. Lawrence,* 365 N.C. 506, 514 (2012); *State v. Poindexter,* 353 N.C. 440, 444 (2001); *State v. Bunning,* 346 N.C. 253, 257 (1997); *State v. Hudson*, 280 N.C. 74, 80 (1971), which constitutes "error per se," an error which, "[l]ike structural error," "is automatically deemed prejudicial and thus reversible without a showing of prejudice." *Lawrence*, 365 N.C. at 514. Although this Court concluded that "the failure of the trial court to conduct an inquiry pursuant to the procedures set forth in N.C.G.S. § 15A-1201(d) is [solely] a statutory violation,"

---

[3] The ultimate issue before us in this case is not whether the trial court failed to consent to defendant's waiver of his right to a trial by jury. Instead, the issue that is before us in this case is whether the trial court properly "determine[d] whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury." N.C.G.S. § 15A-1201(d)(1). As a result of the fact that a defendant's waiver of the right to trial by jury must, as a constitutional matter, be obtained "subject to procedures prescribed by the General Assembly," N.C. Const. art. I, § 24, a failure to the part of the trial court to adequately comply with the procedures enunciated in N.C.G.S. § 15A-1201(d)(1) does, in fact, work a constitutional violation. And defendant did, by arguing in his brief that "[t]he Court of Appeals erred by concluding that [defendant] knowingly and voluntarily waived his constitutional right to a jury trial on habitual felon status because the Court of Appeals' conclusion disregards the plain language of N.C.G.S. § 15A-1201(d)(1) and is premised on a fundamentally flawed legal analysis that directly conflicts with this Court's precedent," clearly assert that a constitutionally-prohibited deprivation of his right to a trial by jury had occurred in this case.

*Hamer*, ¶ 16, I persist in my inability to understand how the violation of a statutory requirement with which the trial court must, according to the relevant constitutional language, comply as a prerequisite for finding the existence of a constitutionally valid waiver of the right to trial by jury can be anything other than a constitutional violation as well.[4]  Nonetheless, even if one were to conclude, in accordance with *Hamer*, that a showing of prejudice is required in instances in which a trial court fails to comply with the requirements set out in N.C.G.S. § 15A-1201(d)(1), I am inclined to believe that, on the basis of the facts revealed in the present record, there is "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises," N.C.G.S. § 15A-1443(a) (2019), given the fundamental uncertainty arising from the trial court's failure to ascertain from defendant whether he knowingly and voluntarily waived his right to a trial by jury with respect to the habitual felon phase of the proceeding, the absence of any indication of what defendant's trial counsel advised defendant to do or not to do, the absence of any information concerning the nature and extent of any defenses that defendant might have been able to assert against the habitual felon

---

[4] On the basis of similar logic, this Court has held that a failure to comply with N.C.G.S. § 15A-1242 results in the violation of a defendant's constitutional right to the assistance of counsel even though the language of N.C.G.S. § 15A-1242 has not been incorporated into the constitutional provisions guaranteeing a defendant's right to the assistance of counsel. *Moore*, 362 N.C. at 322 (stating that "[a] trial court's inquiry will satisfy this constitutional requirement if conducted pursuant to N.C.G.S. § 15A-1242").

allegation, and the trial court's repeated assertions that defendant had pleaded guilty to, rather than having been convicted of, having attained habitual felon status.[5]

¶ 29        Thus, for all of these reasons, I would hold that the trial court failed to comply with the requirements of N.C.G.S. § 15A-1201(d)(1) at the time that it allowed defendant to waive his right to trial by jury in connection with the habitual felon stage of this case and that the trial court's error prejudiced defendant.  As a result, I respectfully dissent from the Court's decision in this case and would, instead, reverse the Court of Appeals' decision with respect to the waiver issue and remand this case to the Court of Appeals for further remand to the trial court with instructions that defendant be resentenced following a new trial with respect to the habitual felon allegation.

Justices HUDSON and EARLS join in this dissenting opinion.

---

[5] The fact that the State introduced three certified judgments showing that the defendant had been convicted of committing qualifying felony offenses and that the defendant had failed to present evidence cannot be sufficient, standing alone, to preclude a finding of prejudice given that such logic impermissibly conflates the prejudice inquiry with the sufficiency of the evidence inquiry and overlooks the fact that, even in habitual felon proceedings, a jury is still required to make credibility judgments.